UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| SUPREME COURT OF CALIFORNIA,<br><br>    Plaintiff,<br>  v.<br>CHARLES KINNEY,<br>    Defendant.<br>_____/ | No. 3:15-cv-01552 LB<br><br>**AMENDED ORDER GRANTING THE STATE BAR'S MOTION TO REMAND**<br><br>[Re: ECF No. 5] |

## INTRODUCTION

Defendant Charles Kinney, who is an attorney representing himself, removed an attorney disciplinary action brought against him by the California Supreme Court. (Notice of Removal, ECF No. 1.[1]) The State Bar of California, as the real party in interest, moves to remand the matter back to the California Supreme Court. (Motion, ECF No. 5.) The State Bar and Mr. Kinney both have consented to the undersigned's jurisdiction. (State Bar Consent, ECF No. 7; Kinney Consent, ECF No. 9.) Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the May 28, 2015 hearing. The court grants the State Bar's motion and remands the matter back to the California Supreme Court because (1) removal was not proper and (2) this court lacks subject-matter jurisdiction over the action.

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**STATEMENT**

According to Mr. Kinney's notice of removal, the documents attached to it, and the documents subject to judicial notice, the narrative is as follows. On October 11, 2012, the State Bar filed a Notice of Disciplinary Charges against Mr. Kinney and Kimberly Kempton. (*See* State Bar's Request for Judicial Notice ("State Bar RJN"), Ex. A, ECF No. 5-2 at 1-49.[2]) On June 19, 2013, the State Bar Court's Hearing Department found Mr. Kinney culpable of multiple acts of misconduct and recommended that he be suspended from the practice of law for a period of three years. (State Bar RJN, Ex. B, ECF No. 5-2 at 50-84.) The Hearing Department's decision was reviewed by the State Bar Court's Review Department. (*See* State Bar RJN, Ex. C, ECF No. 5-2 at 86-102.) On December 12, 2014, the Review Department determined that Mr. Kinney's acts of misconduct were sufficiently egregious to warrant a disbarment recommendation. (*Id.*) As a consequence of the disbarment recommendation, Mr. Kinney was involuntarily enrolled as an inactive member of the State Bar. (*Id.*)

Thereafter, Mr. Kinney petitioned the California Supreme Court for review of the Review Department's decision and to stay the order involuntarily enrolling him as an inactive member of the State Bar. (*See* State Bar RJN, Ex. D, ECF No. 5-2 at 103-04.) The record of the State Bar Court

---

[2] The State Bar and Mr. Kinney both ask the court to take judicial notice of several documents that are public records related to the disciplinary proceedings against Mr. Kinney or are public records regarding the State Bar's function and powers. (State Bar RJN, ECF No. 5; Mr. Kinney RJN, ECF No. 12.) Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A "high degree of indisputability is the essential prerequisite" to taking judicial notice and "the tradition [of taking judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy." Fed. R. Evid. 201(a) & (b) advisory committee's notes (emphasis added). A court, then, may take judicial notice of undisputed facts contained in public records, but it may not take judicial notice of disputed ones. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *see also Muhammad v. California*, C-10-1449-SBA, 2011 WL 873151, at *4 (N.D. Cal. Mar. 11, 2011) (denying request for judicial notice of an address contained on a complaint filed in another case because the "underlying facts relevant to Plaintiff's residence are disputed and otherwise do not meet the requirements of Rule 201"). Here, the parties do not object to the court taking judicial notice of the existence of these documents, all of which are public records. (*See generally* Opposition, ECF No. 10.) Therefore, the court takes judicial notice of them.

proceeding and its disbarment recommendation was transmitted to the California Supreme Court, and a disciplinary action named "Charles Kinney on Discipline" (California Supreme Court Case Number S224289) was opened. (*See id.*) Mr. Kinney also filed a "Supplement" and a "Further Supplement" to his petition. (*See id.*) On March 25, 2015, the California Supreme Court denied Mr. Kinney's request for a stay of his involuntary enrollment as an inactive member of the State Bar. (State Bar RJN, Ex. E., ECF No. 5-2 at 105-06.)

On April 3, 2015, Mr. Kinney removed the California Supreme Court disciplinary action to this court. (Notice of Removal, ECF No. 1.) On April 20, 2015, the State Bar, as the real party in interest, filed a motion to remand the action. (Motion, ECF No. 5.) Mr. Kinney filed an opposition, and the State Bar filed a reply. (Opposition, ECF No. 10; Reply, ECF No. 11.)

## ANALYSIS[3]

### I. MR. KINNEY'S CITATIONS TO 28 U.S.C. §§ 1331, 1343, AND 1446

In his notice of removal, Mr. Kinney asserts that the disciplinary action may be removed "under the provisions of Section 3 of the Civil Rights Act of 1866, and/or 28 U.S.C. [§§] 1331, 1343, 1443 . . . and 1446." (Notice of Removal, ECF No. 1 at 2.) Of these statutes, two—section 3 of the Civil Rights Act of 1866 and 28 U.S.C. § 1443—allow for removal. 28 U.S.C. § 1446 sets forth the procedure for the removal of civil actions, but it does not provide authority for removal itself. Mr. Kinney also cites 28 U.S.C. § 1331, which provides district courts with federal-question jurisdiction,

---

[3] In his opposition, Mr. Kinney challenges the State Bar's standing to move to remand a disciplinary action before the California Supreme Court. He argues that because the disciplinary action has been referred to the California Supreme Court, the State Bar no longer has an interest in the action. This is not correct: Mr. Kinney has asked the California Supreme Court to review the State Bar's disbarment recommendation. The State Bar also remains the respondent in the disciplinary action as the prosecuting agency; this is reflected on the docket sheet for "Charles Kinney on Discipline" (California Supreme Court Case Number S224289). (State Bar RJN, Ex. D, ECF No. 5-2 at 104.)

The court nonetheless must consider whether removal was proper. Removal is an independent basis for invoking federal jurisdiction, *see Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979), and the court has an independent obligation to examine, *sua sponte*, whether federal jurisdiction exists, and thus whether removal was proper, 28 U.S.C. § 1447(c). So even if the State Bar lacks standing, the court must examine whether Mr. Kinney properly removed the action. As the court concludes below, he did not.

and 28 U.S.C. § 1343, which provides district courts with jurisdiction over civil actions "authorized by law to be commenced by any person" to redress Constitutional or federal civil rights violations. To the extent that Mr. Kinney asserts that those statutes provide the court with jurisdiction, the court discusses them *infra* in conjunction with the general removal statute, 28 U.S.C. § 1441.

## II.  REMOVAL IS IMPROPER UNDER 28 U.S.C. § 1443

Mr. Kinney asserts that this action is removable under the Civil Rights Act of 1866 and 28 U.S.C. § 1443.

As an initial matter, the court finds that Mr. Kinney's assertion of removability fails to the extent it is based on the Civil Rights Act of 1866. He quotes from the Civil Rights Act of 1866 in his opposition, but that statute has undergone several revisions. *See State of Georgia v. Rachel*, 384 U.S. 780, 782, 788-797, 802 (1966). The substantive and removal provisions of the Civil Rights Act of 1866 were carried forward into different sections of the Revised Statutes of 1874. *Id.* at 789 & n.12. Section 3 of the Civil Rights Act of 1866, which contained the removal provision that Mr. Kinney relies on, was moved into section 641 of the Revised Statutes. *Id.* at 789, 795-96. Later, section 641 of the Revised Statutes was modified and became the operative statute at issue, 28 U.S.C. § 1443. *Id.* at 786, 802.

28 U.S.C. § 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Mr. Kinney argues that section 1443(1) applies. A petition for removal under that section must satisfy the two-part test articulated by the United States Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966). *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006).

"First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *Rachel*, 384 U.S. at 792). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219. "That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of s 1443(1)." *Id.* (citing *Peacock*, 384 U.S. at 825).

"Second, it must appear, in accordance with the provisions of [section] 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (quoting 28 U.S.C. § 1443(1)). "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal citation and quotation marks omitted). "Except in the unusual case where 'an equivalent basis could be shown for an equally firm prediction that the defendant would be ["]denied or cannot enforce["] the specified federal rights in the state court,' it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal." *Id.* at 219-20 (quoting *Rachel*, 384 U.S. at 804). Indeed, "[u]nder [section] 1443(1), 'the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.'" *Id.* at 220 (quoting *Peacock*, 384 U.S. at 828).

Neither part of the test is met here.

As for the first part, Mr. Kinney has not asserted, as a defense to the disciplinary action, a right that is given to him by explicit statutory enactment protecting equal <u>racial</u> civil rights. *See California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). He says in his notice of removal that the State Bar denied him

> a "fair, adequate, and reasonable opportunity and right" to "defend" himself in part by: (1) quashing subpoenas it issued to [Mr.] Kinney and he served upon "witnesses"

> with no immunity from testifying, so as to prevent [Mr.] Kinney's "opportunity and right" to "examine" those witnesses . . .; (2) concealing "exculpatory evidence" . . . ; and (3) precluding the "exercise of any right guaranteed" to [Mr.] Kinney by the California and US Constitutions . . . .

(Notice of Removal, ECF No. 1 at 2-3.) He also says that "since no new evidence was taken, and no hearing was conducted by the [California Supreme Court] prior to issuing a denial on March 25, 2015, [Mr.] Kinney was again denied the 'opportunity and right' to 'defend' himself." (*Id.* at 3.) He also says that these acts violated his First Amendment right to free speech. (*Id.* at 17-18.) Mr. Kinney reiterates in his opposition that he was "deprived of due process by a 'defective and inadequate process.'" (Opposition, ECF No. 10 at 9.) His claim that the California Supreme Court has not allowed him to exercise "any" right guaranteed by the United States or California constitutions aside, Mr. Kinney is asserting that the disciplinary proceedings were conducted in a way that violated his First Amendment right to free speech and his Fourteenth Amendment right to due process of law. But the United States Supreme Court has made clear that "broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under [section] 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that [section] 1443 demands." *Rachel*, 384 U.S. at 792.

As for the second part, Mr. Kinney has not shown that he has been denied or cannot enforce his federal and constitutional rights in the California Supreme Court. He has pointed to no state legislative or constitutional provision that prevents him from doing so, perhaps because such federal and constitutional rights may be raised before the California Supreme Court. *See Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 713 (9th Cir. 1995). And this also is not the "rare situation" where "it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Johnson*, 421 U.S. at 220 (quoting *Peacock*, 384 U.S. at 828).

Although he did not assert it in his notice of removal, Mr. Kinney argues in his opposition that section 1443(2) applies, too. (Opposition, ECF No. 10 at 10.) It does not. Section 1443(2) "is available only to federal officers and to persons assisting such officers in the performance of their

official duties," and to state officers. *Peacock*, 384 U.S. at 815, 824 n. 22 (1966).  Mr. Kinney is not a federal or state officer, and nothing suggests that he is a person assisting a federal officer in the performance of their official duties.

For the reasons stated above, section 1443(1) and section 1443(2) do not apply here.  Removing the disciplinary action under section 1443 was improper, and the court lacks removal jurisdiction on this basis.

## III.  REMOVAL ALSO IS IMPROPER UNDER THE GENERAL REMOVAL STATUTE

Although he does not explicitly cite it, Mr. Kinney also suggests that removal is proper under the general removal statute, 28 U.S.C. § 1441(a), on the ground that the court has federal-question subject-matter jurisdiction over the disciplinary action.  The general removal statute, however, does not apply, and jurisdiction is lacking.

The general removal statute provides that,"[e]xcept as otherwise expressly provided by Act of Congress, <u>any civil action</u> brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court.  But as the State Bar points out, the disciplinary proceedings formerly pending before the State and now pending before the California Supreme Court are not "civil actions"; they "are *sui generis*, neither civil nor criminal in character." *Yokozeki v. State Bar*, 11 Cal. 3d 436, 447 (Cal. 1974); *see also In re Rose*, 22 Cal. 4th 430, 440 (Cal. 2000).  As such, they may not be removed to federal court pursuant to the general removal statute.  *See Alaska Bar Assoc. v. Dickerson*, 240 F. Supp. 732, 734 (D. Alaska 1965) ("The complaint before the Grievance Committee clearly discloses that it is simply a disciplinary proceeding wherein it is alleged that respondent's conduct violated certain rules of the Alaska Bar Association.  As such it is not a civil action within contemplation of the federal removal statute."); *see also In re Doe*, 801 F. Supp. 478, 484 (D.N.M. 1992) (remanding an action removed under 28 U.S.C. § 1442—which allows for removal of a "civil action or criminal prosecution" brought against a federal officer or agency—and stating: "In light of the regulatory function of a disciplinary proceeding which federal courts have consistently left in state hands, the Court finds this disciplinary proceeding is not a 'civil action' against nor a 'criminal prosecution' of John Doe.").

But even if the disciplinary proceeding is considered a civil action, removal still is not proper

because it is not a civil action over which the district courts of the United States have original jurisdiction. There are two varieties of original jurisdiction: (1) federal-question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (2) diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state, 28 U.S.C. § 1332. The Supreme Court has interpreted section 1332(a) to require "complete diversity of citizenship"—that is, each plaintiff must be a citizen of a different state than each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001). When a matter is removed on diversity grounds, complete diversity "must exist at the time the action is removed to federal court." *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

The removing party bears the burden of establishing that the court has subject-matter jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Mr. Kinney does not assert that diversity jurisdiction exists. He does, however, assert that the court has federal-question jurisdiction. But this assertion is without merit because the State Bar brought no federal claim against Mr. Kinney, nor did it omit necessary federal questions from its Notice of Disciplinary Charges. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987) (the "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist); *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22 (1983) (a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint). Rather, Mr. Kinney raises federal defenses, but an actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California*, 463 U.S. at 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). Similarly, federal-question jurisdiction cannot rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Thus, the court lacks federal-question jurisdiction, meaning that removal under 28 U.S.C. § 1441 is not appropriate for that reason, too.

**CONCLUSION**

For the reasons stated above, the court concludes that this disciplinary action was not properly removed and that federal subject-matter jurisdiction is lacking. Because the court lacks jurisdiction, the court does not address the State Bar's other arguments—that the court should abstain from hearing the action under *Younger v. Harris*, 401 U.S. 37 (1971), and that Mr. Kinney did not timely remove the action—because those arguments presume that the court first has jurisdiction. It does not. Accordingly, the court grants the State Bar's motion and remands the action back to the California Supreme Court.

**IT IS SO ORDERED.**

Dated: May 27, 2015

_____
LAUREL BEELER
United States Magistrate Judge