UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| SUPREME COURT OF CALIFORNIA,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>CHARLES KINNEY,<br><br>　　　　　Defendant.<br>_____/ | No. 3:15-cv-01552 LB<br><br>**ORDER DENYING MR. KINNEY'S MOTION FOR RECONSIDERATION**<br><br>[Re: ECF No. 14] |

Defendant Charles Kinney removed an attorney disciplinary action brought against him by the California Supreme Court. (Notice of Removal, ECF No. 1.[1])  The court remanded the action pursuant to 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction. (Order, ECF No. 13; Amended Order, ECF No. 16.)  Mr. Kinney now has filed a motion pursuant to Federal Rules of Civil Procedure 59 and 60 that asks the court to reconsider its remand order.  (Motion, ECF No. 14.)

A district court can "reconsider" final judgments or appealable interlocutory orders pursuant to Federal Rules of Civil Procedure 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment).  *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466-67 (9th Cir. 1989).  A district court also can "reconsider" non-final judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction."  *City of Los Angeles v. Santa*

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1 *Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

2   Under this District's Civil Local Rules, plaintiffs must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9. In seeking permission from the court, plaintiffs must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented to it. *Id.*. at 7-9(b). As such, reconsideration is appropriate only when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

   The court remanded the attorney disciplinary action pursuant to 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction, not for a defect in removal procedure as Mr. Kinney suggests. An order remanding a case under section 1447(c) for lack of jurisdiction is not reviewable on appeal or otherwise "on appeal or otherwise." 28 U.S.C. § 1447(d); *see Seedman v. United States District Court for the Central District of California*, 837 F.2d 413, 414 (9th Cir. 1988); *see also* Cal. Prac. Guide: Fed. Civ. P. before Trial § 2:3841 (The Rutter Group 2015). "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court. Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Seedman*, 837 F.2d at 414 (citing *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986) (per curiam); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 n.3 (9th Cir. 1984); *Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir. 1979); *Federal Deposit Insurance Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979) (per curiam); 14A C. Wright, A. Miller, E. Cooper, Federal Practice & Proc. § 3739, at 589 (1985)). Accordingly, the court denies Mr. Kinney's motion.

**IT IS SO ORDERED.**

Dated: May 27, 2015

_____
LAUREL BEELER
United States Magistrate Judge

3:15-cv-01552 LB
ORDER         2