UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| SUPREME COURT OF CALIFORNIA,<br><br>    Plaintiff,<br>  v.<br>CHARLES KINNEY,<br>    Defendant.<br>_____/ | No. 3:15-cv-01552 LB<br><br>**AMENDED[1] ORDER DENYING MR. KINNEY'S MOTION FOR RECONSIDERATION**<br><br>[Re: ECF No. 14] |

Defendant Charles Kinney removed an attorney disciplinary action brought against him by the California Supreme Court. (Notice of Removal, ECF No. 1.[2]) The court remanded the action pursuant to 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction. (Order, ECF No. 13; Amended Order, ECF No. 16.) Mr. Kinney now has filed a motion pursuant to Federal Rules of Civil Procedure 59 and 60 that asks the court to reconsider its remand order. (Motion, ECF No. 14.)

A district court can "reconsider" final judgments or appealable interlocutory orders pursuant to Federal Rules of Civil Procedure 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment). *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d

---

[1] The court's original order denying Mr. Kinney's motion for reconsideration did not consider his motion insofar as it challenges the court's ruling regarding the propriety of removal under 28 U.S.C. § 1443. It should have. This amended order does so.

[2] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

461, 466-67 (9th Cir. 1989). A district court also can "reconsider" non-final judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

Under this District's Civil Local Rules, plaintiffs must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9. In seeking permission from the court, plaintiffs must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented to it. *Id.*. at 7-9(b). As such, reconsideration is appropriate only when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In its amended remand order, the court concluded that removal under both the civil rights removal statute, 28 U.S.C. § 1443, and the general removal statute, 28 U.S.C. § 1441(a), was improper. The court concluded that removal under 28 U.S.C. § 1443 was improper because the requirements for removal under § 1443(1) or § 1443(2) are not met and thus the statute does not provide the court with subject-matter jurisdiction. And the court concluded that removal under 28 U.S.C. § 1441(a) was improper because the statute does not apply to the attorney disciplinary action brought against Mr. Kinney and, even if it does, the court lacks federal-question subject-matter jurisdiction. The court thus remanded the action under 28 U.S.C. § 1447(c).

28 U.S.C. § 1447(d), which governs the reviewability of remand orders, states: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."

To the extent that Mr. Kinney asks the court to review its decision regarding the applicability of the general removal statute, 28 U.S.C. § 1441(a), and the lack of federal-question subject-matter

jurisdiction, his motion fails. With respect to orders remanding actions under 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction, the language of section 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court. Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Seedman v. United States District Court for the Central District of California*, 837 F.2d 413, 414 (9th Cir. 1988) (citing *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986) (per curiam); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 n.3 (9th Cir. 1984); *Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir. 1979); *Federal Deposit Insurance Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979) (per curiam); 14A C. Wright, A. Miller, E. Cooper, Federal Practice & Proc. § 3739, at 589 (1985)); *see also* Cal. Prac. Guide: Fed. Civ. P. before Trial § 2:3841 (The Rutter Group 2015).

The court's decision regarding 28 U.S.C. § 1443, however, is reviewable "by appeal or otherwise." 28 U.S.C. § 1447(d). That said, Mr. Kinney has not shown that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented to it. N.D. Cal. Civ. L.R. 7-9(b); *see also School Dis. No. 1J, Multnomah County, Or.*, 5 F.3d at 1263.

In his motion for reconsideration, Mr. Kinney argues that the court remanded the action based on procedural defects that the State Bar did not raise in its motion, but the court did not remand the action because of a procedural defect. (*See* Motion for Reconsideration, ECF No. 14 at 2.) The court remanded the action because Mr. Kinney did not meet the requirements for removal under 28 U.S.C. § 1443, and thus subject-matter jurisdiction is lacking under that statute. Failure to meet the requirements for removal under 28 U.S.C. § 1443 is not a procedural defect, it is a jurisdictional one. *See Lott v. Duffy*, Fed. 579 App'x 87, 89-90 (3d Cir. 2014) (affirming the district court's remand of an action that was removed under 28 U.S.C. § 1443 and explaining that the district court's remand order "was based on a lack of federal subject matter jurisdiction"); *North Carolina v. Dupree*, 521 Fed. App'x 181, 182 (4th Cir. 2013) ("We have reviewed the record and conclude that Dupree has

1  not made the requisite showing for removal under § 1443. Thus, the district court lacked subject
2  matter jurisdiction over the removed prosecution and appropriately remanded the case to state
3  court."); *New York v. Smith*, 494 Fed. App'x 138, 139-40 (2d Cir. 2012) (rejecting appellant's
4  argument that his "failure to comply with § 1443(1) is a purely procedural defect, which can be
5  waived, as opposed to a defect in subject matter jurisdiction, which cannot"); *Hawaii v. Jim*, 31 Fed.
6  App'x. 426, 426, 427 (9th Cir. 2002) (affirming the district court's remand for lack of subject-matter
7  jurisdiction where the appellant did not fulfill the requirements for removal under 28 U.S.C. §
8  1443(1)). And as explained in the remand order, under 28 U.S.C. § 1447(c), a court has an
9  independent obligation to examine, *sua sponte*, whether federal jurisdiction exists, and thus whether
10 removal was proper. (Amended Order, ECF No. 18 at 3 n.3.)

11     Mr. Kinney's other arguments—that removal was proper under the Civil Rights Act of 1866 and
12 28 U.S.C. § 1443, as well as under the Voting Rights Act of 1965—are ones either that the court
13 already considered and rejected (i.e., Civil Rights Act of 1866) or that Mr. Kinney never raised in
14 his notice of removal (i.e., Voting Rights Act of 1965). (*See* Motion for Reconsideration, ECF No.
15 14 at 3-11.)

16     For the reasons stated above, the court denies Mr. Kinney's motion for reconsideration

17 **IT IS SO ORDERED.**

18 Dated: June 2, 2015

19                              LAUREL BEELER
                               United States Magistrate Judge