# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| SUPREME COURT OF CALIFORNIA,<br><br>            Plaintiff,<br>    v.<br>CHARLES KINNEY,<br><br>            Defendant.<br>_____/ | No. 3:15-cv-01552 LB<br><br>**ORDER DENYING MR. KINNEY'S MOTION TO STAY THE COURT'S REMAND ORDER**<br><br>[Re: ECF No. 16] |

Defendant Charles Kinney removed an attorney disciplinary action brought against him by the California Supreme Court. (Notice of Removal, ECF No. 1.[1]) On May 15, 2015, the court remanded the action pursuant to 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction. (Order, ECF No. 13.) Three days later, on May 18, 215, Mr. Kinney filed a motion pursuant to Federal Rules of Civil Procedure 59 and 60 that asked the court to reconsider its remand order. (Motion for Reconsideration, ECF No. 14.) A few days after that, on May 26, 2015, Mr. Kinney filed a motion asking the court to stay its remand order. (Motion to Stay, ECF No. 16.)

On May 27, 2015, the court issued an amended remand order that fixed a citation error. (Amended Order, ECF No. 18.). The court also issued an order denying Mr. Kinney's motion for reconsideration, and the court amended that order on June 2, 2015. (Order Denying Reconsideration, ECF No. 19; Amended Order Denying Reconsideration, ECF No. 22.) In doing so, the court made

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

clear that it remanded the attorney disciplinary action pursuant to 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction, not for a defect in removal procedure as Mr. Kinney suggested in his motion for reconsideration.

Now, the court denies Mr. Kinney's motion to stay the remand order.[2] Mr. Kinney wants the court to stay its remand order "pending his motion to vacate [(i.e., his motion for reconsideration)] and the disposition of his upcoming appeal, writ of mandamus and request for other relief from the Ninth Circuit." (Motion to Stay, ECF No. 16.) The court denied Mr. Kinney's motion for reconsideration, so that leaves only Mr. Kinney's "upcoming" appeal or petition to the Ninth Circuit. None has yet been filed.

Mr. Kinney says that his motion "is made pursuant to" Civil Local Rules 7-10, which pertains to ex parte motions, and 65-1, which pertains to temporary restraining orders, and Rule 65(b), which also pertains to temporary restraining orders. (Motion to Stay, ECF No. 16 at 2.) None of these rules, however, provide authority for staying the court's remand order. Mr. Kinney later identifies the legal standard for staying an action pending appeal. That standard, as recited by the Ninth Circuit, is as follows:

> In *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), the Supreme Court set forth "the factors regulating the issuance of a stay" as follows: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Consistent with these factors, we had previously articulated the standard for granting a stay pending appeal in *Lopez v. Heckler*, 713 F.2d 1432, 1435-36 (9th Cir. 1983). *See also L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200-01 (9th Cir. 1980).
>
> In ruling on a motion for a stay pending appeal, we employ "two interrelated legal tests" that "represent the outer reaches of a single continuum." *Lopez*, 713 F.2d at 1435 (internal quotation marks omitted). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury." *Id.* We have recently applied, as an alternative test at this end of the continuum, a test originally formulated for granting a preliminary injunction: "(1) a strong likelihood of success on the merits, [and] (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted[.]" *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir.2007). "At the other end of the continuum, the moving party must demonstrate that serious legal questions are

---

[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the June 11, 2015 hearing date noticed by Mr. Kinney.

raised and that the balance of hardships tips sharply in its favor." *Lopez*, 713 F.2d at 1435. "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Winter*, 502 F.3d at 862. Further, we "consider 'where the public interest lies' separately from and in addition to 'whether the applicant [for stay] will be irreparably injured absent a stay[.]'" Id. at 863 (quoting *Hilton*, 481 U.S. at 776, 107 S.Ct. 2113) (first alteration in *Winter*).

*Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008).

Even assuming that this standard applies to requests to stay a remand order, and even assuming that it applies in the absence of a pending appeal, the court concludes that Mr. Kinney has not met it. For the reasons the court has explained in its orders remanding the action and denying reconsideration, Mr. Kinney is unlikely to succeed on the merits of his appeal. Any appeal will be limited to review of the court's conclusion that Mr. Kinney did not fulfill the requirements of 28 U.S.C. § 1443 and thus subject-matter jurisdiction is lacking over the action. The court considered Mr. Kinney's arguments on this issue, rejected them, and it was not a close call. The court also is not persuaded that Mr. Kinney will suffer irreparable harm, as he may raise his federal and constitutional rights before the California Supreme Court upon remand. *See Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 713 (9th Cir. 1995). Conversely, a stay will substantially harm the State Bar and the California Supreme Court, which has an interest in policing the conduct of California attorneys. *See In re Rose*, 22 Cal. 4th 430, 453 (Cal. 2000). The State Bar and the California Supreme Court cannot effectively do this if attorneys facing discipline can improperly remove disciplinary actions to federal court even when subject-matter jurisdiction is lacking. As long as the action is in federal court, the State Bar and the California Supreme Court cannot fulfill their function. For this reason, the public interest also lies in favor of allowing the remand to go forward.

**IT IS SO ORDERED.**

Dated: June 2, 2015

_____
LAUREL BEELER
United States Magistrate Judge