UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SUPREME COURT OF CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES KINNEY,<br><br>    Defendant. | Case No. 3:15-cv-01552-LB<br><br>**ORDER DENYING MR. KINNEY'S SECOND MOTION FOR RECONSIDERATION**<br><br>[Re: ECF No. 24] |

## INTRODUCTION

Mr. Kinney moves, pursuant to Federal Rules of Civil Procedure 59 "and/or" 60, "to vacate, for relief, for alteration and/or for reconsideration of" the court's May 15, 2015 order granting the State Bar's motion to remand and June 2, 2015 order denying Mr. Kinney's motion to stay the May 15, 2015 order. (Second Motion for Reconsideration, ECF No. 24 at 2; *see* Remand Order, ECF No. 13; Order Denying Stay, ECF No. 23.[1]) For the reasons stated below, the court denies Mr. Kinney's motion.

## STATEMENT

Charles Kinney removed an attorney disciplinary action brought against him by the California Supreme Court. (Notice of Removal, ECF No. 1.) On May 15, 2015, the court remanded the

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

No. 3:15-cv-01552-LB (ORDER)

1   action pursuant to 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction. (Remand Order,

2   ECF No. 13.) Three days later, on May 18, 2015, Mr. Kinney filed a motion pursuant to Federal

3   Rules of Civil Procedure 59 and 60 that asked the court to reconsider its remand order. (First

4   Motion for Reconsideration, ECF No. 14.) The next day, on May 19, 2015, the clerk of the court

5   mailed a certified copy of the remand order to the state court. (5/19/2015 Clerk's Notice, ECF No.

6   15.) A few days after that, on May 26, 2015, Mr. Kinney filed a motion asking the court to stay its

7   remand order. (Motion to Stay, ECF No. 16.)

8       On May 27, 2015, the court issued an amended remand order that fixed a citation error.

9   (Amended Remand Order, ECF No. 18.). Also on May 27, 201, the court issued an order denying

10  Mr. Kinney's first motion for reconsideration, and the court amended that order on June 2, 2015.

11  (Order Denying Reconsideration, ECF No. 19; Amended Order Denying Reconsideration, ECF

12  No. 22.) In doing so, the court made clear that it remanded the attorney disciplinary action

13  pursuant to 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction, not for a defect in removal

14  procedure as Mr. Kinney suggested in his motion for reconsideration. Also on June 2, 2015, the

15  court denied Mr. Kinney's motion to stay, and the clerk of the court mailed a certified copy of the

16  court's amended remand order to the state court. (Order Denying Stay, ECF No. 23; 6/2/2015

17  Clerk's Notice, ECF No. 21.)

18      Thereafter, on June 8, 2015, Mr. Kinney filed a second motion for reconsideration. (Second

19  Motion for Reconsideration, ECF No. 24.) Four days later, on June 12, 2015, Mr. Kinney filed a

20  notice of appeal in which he appeals to the Ninth Circuit the following six orders: (1) the May 15,

21  2015 remand order; (2) the May 27, 2015 amended remand order; (3) the May 27, 2015 order

22  denying reconsideration; (4) the June 2, 2015 amended order denying reconsideration; (5) the June

23  2, 2015 order denying a stay; and (6) "the (expected but not yet issued) order denying" Mr.

24  Kinney's second motion for reconsideration. (Notice of Appeal, ECF No. 26 at 2.)

25                                    **ANALYSIS**

26  **I. THE COURT HAS JURISDICTION TO CONSIDER MR. KINNEY'S MOTION**

27      Before the court considers the merits of Mr. Kinney's second motion for reconsideration, it

28  must first determine whether jurisdiction exists to do so. First, while there is little authority on this

No. 3:15-cv-01552-LB (ORDER)

2

1   issue, the court does not believe that the fact that the action was already remanded means the court
2   is precluded from considering Mr. Kinney's motion. It is true that the Ninth Circuit determined in
3   *Seedman v. United States District Court for the Central District of California* that the event that
4   divests the district court of jurisdiction is the mailing of the certified copy of the order of remand
5   to the clerk of the state court. 837 F.2d 413, 414 (9th Cir. 1988) ("Once a [district] court certifies a
6   remand order to state court [the district court] is divested of jurisdiction and can take no further
7   action on the case."); *see also* 28 U.S.C. § 1447(c) ("A certified copy of the order of remand shall
8   be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with
9   such case."). In this case, the clerk already mailed certified copies of the remand order and
10  amended remand order to the state court, so normally this would mean that the court no longer has
11  jurisdiction to consider a motion for reconsideration. *See*, *e.g.*, *Deutsche Bank Nat'l Trust Co. v.*
12  *Krevitsky*, No. 1:12-cv-1466 AWI DLB, 2012 WL 4863872, at *1 (E.D. Cal. Oct. 12, 2012)
13  (denying a motion for reconsideration of a remand order where a certified copy of the remand
14  order had already been mailed to the state court).
15      But it is also true that *Seedman* involved an instance where the district court was precluded
16  from reviewing its remand order because that order was one that was "not reviewable on appeal or
17  otherwise." 837 F.2d at 414; *see In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991) (making
18  a similar distinction regarding Fifth Circuit authority). As the court noted previously, the court's
19  decision that this action was not removable under 28 U.S.C. § 1443, however, is reviewable "by
20  appeal or otherwise." 28 U.S.C. § 1447(d) ("[A]n order remanding a case to the State court from
21  which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal
22  or otherwise."). In such a situation—where the district court clerk already mailed a certified copy
23  of the remand order to the state court but where the action was removed in part pursuant to 28
24  U.S.C. § 1443—at least one district court has concluded that it still may reconsider its remand
25  order. *See Bank of Am., N.A. v. Johnson*, No. C-06-396, 2006 WL 2981190, at *1 (S.D. Tex. Oct.
26  16, 2006) (refusing to reconsider remand order insofar as it was based on a lack of federal-
27  question or diversity jurisdiction but considering (and rejecting) the defendant's arguments
28  regarding the propriety of removal under 28 U.S.C. § 1443, even though a certified copy of the

No. 3:15-cv-01552-LB (ORDER)

3

United States District Court
Northern District of California

1 remand order had already been mailed to the state court). Given this authority, the court concludes that it may still review its remand order even though Mr. Kinney filed his second motion for reconsideration after the clerk of the court mailed certified copies of the remand orders to the state court.

Second, although "[a]s a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal," *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997), and although Mr. Kinney has filed a notice of appeal, the court still has jurisdiction to entertain and rule on Mr. Kinney's motion. *See Daniels v. Community Lending, Inc.*, No. 13cv488-WQH-JMA, 2015 WL 2338713, at *3 n.2 (S.D. Cal. May 12, 2015) (considering a party's motion for reconsideration even though the party subsequently filed a notice of appeal) (citing *Stone v. I.N.S.*, 514 U.S. 386, 401 (1995) ("[T]he pendency of an appeal does not affect the district court's power to grant Rule 60 relief.")); *Fews v. Perez*, No. C 03-3770 PJH (PR), 2006 WL 2791151, at *1 (N.D. Cal. Sept. 27, 2006) ("[I]f a notice of appeal is treated as having been filed after the motion to reconsider, this court has jurisdiction to rule on the motion and the notice of appeal does not become effective until the motion is ruled upon . . . .") (citing Fed. R. App. P. 4(a)(4)(B) (a notice of appeal that is filed while certain motions, including a motion for reconsideration under Rules 59 and 60, are pending is not effective until such motions are ruled upon)).

In sum, the court concludes that there is no jurisdictional bar to its consideration of Mr. Kinney's second motion for reconsideration. The court considers the merits of his motion below.

**II. MR. KINNEY'S MOTION FAILS ON THE MERITS**

   **A.  LEGAL STANDARD**

A motion to reconsider a final appealable order is appropriately brought under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Motions for reconsideration should not be frequently made or freely granted. *Twentieth Century–*

No. 3:15-cv-01552-LB (ORDER)

*Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1980).

Rule 59(e) allows a party to seek an order altering or amending a judgment. Rule 59(e) does not state when a court should reconsider a prior decision, but the Ninth Circuit has stated that "Rule 59(e) amendments are appropriate if the district court '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003) (quoting *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

And under Rule 60(b),

> the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Generally speaking, though, a motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (referring to Rule 59(e)); *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259–61 (9th Cir. 2004) (referring to Rule 60(b)); *Kona Enters.*, 229 F.3d at 890 (interpreting Rule 59(e)). The sole exception is when the court has committed "clear" or "manifest" error. Mere disagreement with a court's order, however, does not provide a basis for reconsideration. *See McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999).

**B. APPLICATION**

In his motion, Mr. Kinney makes the overarching argument that "[t]his is not an 'attorney discipline action'" but instead "is a 'judicial corruption action.'" (Second Motion for Reconsideration, ECF No. 24 at 2.) He then makes several specific arguments. First, he argues that

the "judicial corruption" violates federal law, namely 11 U.S.C. § 101, et seq., the Voting Rights Act of 1965, the Clean Water Act, and the Americans with Disabilities Act. (*Id.* at 2.) Second, he argues that the "judicial corruption" violates state law, namely various sections of the California Constitution, as well as Cal. Bus. & Prof. Code §§ 6001.1 and 6031(b). (*Id.* at 2-4.) Third, he argues that the court ignored his argument that *In re Kinney*, 201 Cal. App. 4th 951 (Cal. Ct. App. 2011), is void and therefore the attorney disciplinary action against him is improper and meritless. (*Id.* at 4-5.) Fourth, he argues that the court does in fact have subject-matter jurisdiction over this action because he meets the requirements for removal under the Civil Rights Act of 1866. (*Id.* at 5-6.) And fifth, he argues that he has meets the requirements for a stay. (*Id.*)

Mr. Kinney's motion fails under both Rule 59(e) and Rule 60(b). As for Rule 59(e), he has not presented the court with newly discovered evidence, demonstrated that the court committed clear error or that its decisions to remand the action or deny his motion for a stay were manifestly unjust, or shown that there is an intervening change in controlling law. This is an attorney disciplinary action that was improperly removed to federal court, plain and simple. It is not a "judicial corruption action," whatever that means in this context. Mr. Kinney's arguments about "judicial corruption" in violation of various federal and state laws are inapposite to the court's decisions to remand the action for lack of subject-matter jurisdiction or to deny his motion for a stay while he appeals to the Ninth Circuit.  His argument that the attorney disciplinary action is improper and meritless because it stems from *In re Kinney*, which he says is void, also is inapposite because that argument goes to the merits of the dispute, not to whether the action was properly removed or not. And his arguments that he meets the requirements for removal under the Civil Rights Act of 1866 and for a stay are supported by nothing new and were already considered and rejected by the court in its prior orders.

As for Rule 60(b), none of Mr. Kinney's arguments provided any reason to relieve him from the court's remand order or order denying a stay because of mistake, inadvertence, surprise, or excusable neglect. He also has not presented the court with newly discovered evidence that, with reasonable diligence, he could not have been discovered in time to move for a new trial under Rule 59(b). To the extent that he argues that his "judicial corruption" assertions support a conclusion

No. 3:15-cv-01552-LB (ORDER)

6

1  that an opposing party has committed fraud, misrepresentation, or misconduct, the court finds this
2  argument to be inapposite to the court's decisions to remand the action for lack of subject-matter
3  jurisdiction or to deny his motion for a stay. He also does not argue that the court's decisions to
4  remand the action for lack of subject-matter jurisdiction or to deny his motion for a stay are void,
5  have been satisfied, released, or discharged, are based on an earlier judgment that has been
6  reversed or vacated, or that applying them prospectively is no longer equitable. In sum, the court
7  concludes that none of the bases for relief set forth in Rule 60(b) justifies relief.

## CONCLUSION

For the reasons stated above, the court denies Mr. Kinney's second motion for reconsideration.[2]

**IT IS SO ORDERED.**

Dated: June 19, 2015

_____
LAUREL BEELER
United States Magistrate Judge

---

[2] Mr. Kinney also requests that the court take judicial notice of a reply brief that he filed in state court on June 9, 2015. (Request for Judicial Notice, ECF No. 25.) Because the court finds the reply brief inapposite to this decision to deny his second motion for reconsideration, the court also denies his request for judicial notice.

No. 3:15-cv-01552-LB (ORDER)                                                        7